UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0062 AG (JCGx) | Date | March 31, 2016 |
| Title | ARMAN AHMADI v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

| | |
|---|---|
| Present: The Honorable | ANDREW J. GUILFORD |

| | | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |

**Proceedings: [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS COMPLAINT**

Plaintiff Arman Ahmadi sued Defendants Nationstar Mortgage, LLC; Veriprise Processing Solutions, LLC; Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-15N; U.S. Bank, N.A., as Trustee for various claims related to Defendants' loan modification services. (Complaint Dkt. No. 1-1.) Defendants removed the case to this court. Defendants move to dismiss various claims in Plaintiff's Complaint. (Motion, Dkt. No. 8.) The Court GRANTS in part and DENIES in part Defendants' Motion.

## 1. PRELIMINARY MATTERS

Defendants provide that they were "unable to reach Plaintiff's counsel prior to filing the instant motion," and thus seek relief from the meet-and-confer requirement under Local Rule 7-3. Plaintiff doesn't raise this as an issue in his Opposition. Although the Court takes the meet-and-confer requirement seriously, the Court finds Defendants' inability to comply with it appropriate under the circumstances.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0062 AG (JCGx) | Date | March 31, 2016 |
| Title | ARMAN AHMADI v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

Defendants also request that the Court take judicial notice of various documents. (Request for Judicial Notice ("RJN"), Dkt. No. 9.) Exhibits B through G are all documents in the public record. Under Rule 201(d) of the Federal Rules of Evidence, a court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). The Court therefore GRANTS the request to consider Exhibits B through G.

Exhibit A is a copy of Plaintiff's Promissory Note between him and GreenPoint Mortgage Funding, Inc. At the hearing on this Order, Plaintiff conceded that the Court could consider this Note because it is incorporated by reference in the Complaint. As such, the Court GRANTS Defendants' request to consider Exhibit A.

## 2. BACKGROUND

In analyzing the Complaint's sufficiency, a court must "accept[] all factual allegations in the complaint as true and constru[e] them in the light most favorable to the nonmoving party." *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

In 2007, Plaintiff got a mortgage loan for $650,000, secured by a deed of trust over a property in Rancho Santa Margarita, CA. (Complaint ¶ 34.) Three years later, in 2010, Plaintiff was approved for a loan modification from Plaintiff's original mortgage servicer. (*Id.* ¶ 37.) In 2012, Plaintiff's loan "was transferred" to Defendant Nationstar. (*Id.* ¶ 38.) A year later, Plaintiff defaulted on the loan. Nationstar agreed to allow Plaintiff to pay only the interest at a fixed rate for a year. (*Id.* ¶ 40.)

According to the Complaint, at the end of that interest-only year in August 2014, "Plaintiff was to return to the terms of his original HAMP loan modification." (*Id.* ¶ 41.) But instead, Nationstar "capitalized the entire amount of the unpaid balance, increasing monthly payments by $450." (*Id.*) Due to this "inexplicable change in payment terms," Plaintiff once again defaulted on the loan. (*Id.*)

In October 2014, again "without explanation," Plaintiff's monthly loan statement returned to

the original loan modification terms. (*Id.*) Nationstar then encouraged Plaintiff to apply for a second loan modification. (*Id.* ¶ 42.) Without getting into all the details, Plaintiff alleges that Nationstar failed to comply with various legal requirements when Plaintiff applied for the second loan modification. (*Id.* ¶¶ 43–51.) Nationstar's failures allegedly caused Plaintiff to be unable to cure his default. (*Id.* ¶ 54.)

Plaintiff brings eight claims in his Complaint for (1) – (3) violations of California's Homeowners' Bill of Rights ("HBOR"), (4) violation of regulations promulgated under federal statutes, including the Real Estate Settlement Procedures Act ("RESPA") and Truth in Lending Act ("TILA), (5) violation of California's Unfair Competition Law ("UCL"), (6) negligent misrepresentation, (7) negligence, and (8) breach of contract. In their Motion, Defendants attack all the claims, except the fourth claim for violations of regulations under RESPA and TELA. (Complaint ¶¶ 102–124).

## 3. MOTION TO DISMISS LEGAL STANDARD

A court will grant a motion to dismiss if the complaint does not allege claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In a foreclosure-related case, the Ninth Circuit stated that "[c]omplaints need only allege facts with sufficient specificity to notify defendants of plaintiffs' claims." *Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 790 (9th Cir. 2011). "[S]o long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds." *Id.* (quoting *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008)).

But a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "A

claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Courts deciding motions to dismiss for failure to state a claim are "generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which we may take judicial notice." *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 876 (9th Cir. 2012).

## 4. ANALYSIS

### 4.1 Failure to Specify Who Did What

Defendants argue that Plaintiff's second and third claims for Violations of California Civil Code Sections 2923.55 and 2923.6, fifth claim for violations of California's UCL, and sixth claim for negligent misrepresentation fail because they don't differentiate which Defendant did what alleged misconduct.

"Courts in this circuit have held that a complaint 'fails to state a claim' and must be dismissed if it does not 'indicate which individual defendant or defendants [are] responsible for which alleged wrongful act.'" *Bassam v. Bank of Am.*, No. CV 15-00587 MMM (FFMx), 2015 U.S. Dist. LEXIS 88880, at *23-25 (C.D. Cal. July 8, 2015) (quoting *In re Sagent Technology, Inc., Derivative Litigation*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. Aug. 15, 2003)). The Court agrees that Plaintiff's failure to specify which Defendant did what fails to give fair notice to the Defendants. Indeed, in their RJN, Defendants provide other facts not mentioned in the Complaint that may impact each Defendant's liability.

For instance, on February 4, 2015, the deed of trust was transferred from Nationstar to U.S. Bank. (RJN ¶ 5, Ex. E.) Also on that date, Veriprise was substituted as a trustee for Plaintiff's deed. (RJN ¶ 6, Ex. F.) Those changes may impact which Defendant is liable for the acts that allegedly occurred before, during, and after February 4. For instance, Plaintiff submitted his second application for a loan modification to Nationstar in July 2015, but by that time the deed of trust had been transferred from Nationstar to U.S. Bank. That transfer may affect

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0062 AG (JCGx) | Date | March 31, 2016 |
| Title | ARMAN AHMADI v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

each party's liability for the various claims. It may also affect whether Nationstar is responsible for any alleged misrepresentations after February 4, 2015.

Accordingly, the Court GRANTS the Motion to Dismiss Plaintiff's second, third, fifth, and sixth claims for failing to specify which Defendant is liable for what alleged misconduct.

### 4.2 First Claim for Violation of California Civil Code Section 2923.7

Plaintiff's first claim alleges Defendant Nationstar violated California Civil Code Section 2923.7. (Complaint ¶¶ 60–77.) Plaintiff raises two allegations related to this claim.

First, Plaintiff alleges that Nationstar didn't provide a "single point of contact" or "SPOC" during the loan modification process. Section 2923.7 requires a mortgage servicer to "promptly establish a single point of contact ["SPOC"] and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). At first, John Shuptrine was Plaintiff's identified SPOC. (Complaint ¶ 66.) Plaintiff alleges that he effectively lost his SPOC in July 29, 2015, when Mr. Shuptrine "informed Plaintiff via email that he could no longer communicate with [sic] via email and told Plaintiff to call1-877-343-5602 [sic] and speak to the 'next available representative.'" (*Id.* ¶ 73.)

But Defendant is right to note that requiring Plaintiff to speak to another representative didn't necessarily violate Section 2923.7(e), which defines SPOC as not only a single individual, but also a "team of personnel each of whom has the ability and authority to perform the responsibilities." Cal. Civ. Code § 2923.7(e). In this way, the statute reflects the reality that businesses operate in teams, and that sometimes personnel change positions or assignments within a business. Plaintiff's Complaint doesn't allege that the representative wasn't "knowledgeable about the borrower's situation and current status in the alternatives to foreclosure process." Cal. Civ. Code § 2923.7(e). Further, it seems that Nationstar *did* provide a "direct means of communication" by providing a phone number to contact a different

representative. Thus, Plaintiff's allegations as stated don't rise to a violation of Section 2923.7.

Second, Plaintiff alleges that Nationstar violated Section 2923.7(b), which provides that a SPOC is responsible for "[c]oordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application." Cal. Civ. Code § 2923.7(b). Plaintiff alleges that Nationstar violated that provision when Nationstar informed Plaintiff that his application documents were lost, even though Plaintiff had submitted them online. This allegation doesn't arise to a violation of Section 2923.7(b). Under that Section, only coordination is required. Perfect administrative skill is not. Indeed, the allegations in the Complaint show Nationstar fulfilled its obligation to "notify" Plaintiff of missing documents. (*See* Complaint ¶¶ 45, 47, 48, 67.)

Yet Plaintiff's claim still survives, as the Complaint alleges that Nationstar failed to inform Plaintiff before it recorded a Notice of Default. (Complaint ¶ 69.) This failure may violate Section 2923.7(b)(3), which requires the SPOC to have "access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative." Thus, Plaintiff's first claim states a claim for relief on at least some of the grounds alleged. Defendants' point that Plaintiff may have misstated the law regarding damages is best left to the summary judgment stage.

Defendants' Motion to Dismiss the first claim is therefore DENIED.

### 4.3 Second Claim for Violation of California Civil Code Sections 2923.55

Plaintiff's second claim alleges that all Defendants violated California Civil Code Section 2923.55, which required Defendants to take various steps before entering a Notice of Default on February 4, 2015. Section 2923.55 requires a mortgage servicer to act with "due diligence" to contact the borrower before filing the Notice of Default. Cal. Civ. Code § 2923.55(f). If the servicer actually contacts the borrower, the servicer must discuss

foreclosure alternatives and advise the borrower of the right to request a subsequent meeting. Cal. Civ. Code § 2923.55(b)(2).

Plaintiff's allegations in this claim are internally inconsistent. At one point, Plaintiff alleges that Defendants "did not contact them [sic] or attempt to contact them [sic] with due diligence." (Complaint ¶ 82; *see also id.* ¶¶ 81, 84.) In the very next paragraph, Plaintiff alleges that Plaintiff "was in contact" with Nationstar, but that Nationstar didn't make the mandatory advisements under Section 2923.55(b)(2). (Complaint ¶ 83.) Which is it? Did Defendants record the Notice of Default without the required due diligence to contact Plaintiff? Or did Defendants contact Plaintiff but not make the requisite advisements before filing the Notice of Default?

Although the Court must accept facts in the Complaint as true, it is not required to accept inconsistent allegations as true. Plaintiff has therefore not stated a claim for relief for a violation of Section 2923.55. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Second Claim.

### 4.4 Fifth Claim for Violation of California's Unfair Competition Law

The fifth claim alleges that all defendants violated California's Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200, *et seq.*). (Complaint ¶¶ 125–141.) To the extent Plaintiff's UCL claim is derivative of his first claim against Nationstar for violating a provision of the HBOR, his claim survives. *See Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF (PVT), 2010 WL 2898284, *16 (N.D. Cal. July 21, 2010) ("The UCL prohibits 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.'"). The Court therefore DENIES Defendants' Motion to Dismiss the Fifth Claim.

### 4.5 Sixth Claim for Negligent Misrepresentation

Plaintiff's sixth claim for negligent misrepresentation alleges that Nationstar made fraudulent, misleading, or false statements during the loan modification process. (Complaint ¶¶ 142–156.) To state a claim of negligent misrepresentation, a plaintiff must allege "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Servs. Grp., Inc.*, 171 Cal. App. 4th 35, 50 (2009).

A claim for negligent misrepresentation must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003). This requires a plaintiff to specify the time and place of the alleged misrepresentation, the statements made and by whom they were made, an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547–49 n.7 (9th Cir. 1994) (en banc). Where the allegations supporting a claim do not satisfy the heightened pleading requirements of Rule 9(b), the claim is subject to dismissal. *Vess v. Ciba-Geigy Corp. USA* , 317 F.3d 1097, 1107 (9th Cir. 2003).

Plaintiff's claim for negligent misrepresentation is woefully unparticular. Plaintiff alleges that "Defendant Nationstar has fraudulently misled Plaintiff to believe that Nationstar was going to work with Plaintiff so that he could stay in the home and obtain a long term solution for Plaintiff's loan." (Complaint ¶ 143.) But Plaintiff's only allegation supporting that belief is a vague reference to "unwarranted and untrue promises, assertions, and material representations." (*Id.* ¶ 144.) Such a conclusory, vague allegation doesn't satisfy the requirement under Rule 9(b) to specify the alleged misrepresentation. Even the "specific" allegation in the Complaint is vague. Plaintiff alleges: "Specifically, Defendant Nationstar manipulated figures and valuations in order to ensure Plaintiff did not qualify for a loan modification." (*Id.* ¶ 146.) Contrary to its self-characterization as specific, that allegation is far from it.

Plaintiff's claim for misrepresentation therefore fails to state a claim with particularity by failing to specify the "who, what, when, and where" of any alleged misrepresentation. As such, the Court need not address Defendants' argument that Plaintiff didn't allege reliance on a material fact or properly allege damages to GRANT Defendants' Motion to Dismiss the sixth claim.

### 4.6 Seventh Claim for Negligence

Plaintiff's seventh claim for negligence alleges that Nationstar failed to exercise reasonable care in processing and reviewing Plaintiff's loan modification applications. (Complaint ¶¶ 157–165.) Specifically, Plaintiff alleges that Nationstar "undertook a review of Plaintiff's loan for modification" and failed to exercise reasonable care by (1) failing to review Plaintiff's applications in a timely manner; (2) misrepresenting the status of Plaintiff's loan modification applications; and (3) initiating foreclosure in violation of statutory restrictions on dual-track foreclosures. (Complaint ¶¶ 158, 159.)

Plaintiff's claim turns on whether Nationstar owed Plaintiff a duty of care in how Defendant processed Plaintiff's loan modification application. In California, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *See Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991). To determine whether a financial institution owes a duty to a borrower, courts looks to (1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to him, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct, and (6) the policy of preventing future harm. *Id.* at 1098 (citing the factors set forth in *Biakanja v. Irving*, 49 Cal. 2d 647, 650 (1958)).

Both Plaintiff and Defendants acknowledge a split of authority in California courts regarding whether a mortgage servicer owes a duty of care to a borrower in processing a loan modification application. In *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0062 AG (JCGx) | Date | March 31, 2016 |
| Title | ARMAN AHMADI v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

(2013), the California Court of Appeal held that a lender owed no duty to offer, consider, or approve a loan modification, which fell "squarely within the scope of a lending institution's conventional role as a lender of money." The Court of Appeal in *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 944 (2014), agreed that a lender owed no duty to offer or approve the loan, but disagreed that a lender owed no duty in considering a loan. The court found that once a lender agreed to consider a loan modification, it owed a duty to exercise reasonable care in reviewing a borrower's application. *Id.*

The Court agrees with the growing number of courts, including this one, that approve of *Lueras* and find that processing a residential loan modification "falls squarely within the scope of a lending institution's conventional role," and does not give rise to a duty of care to the borrower. *See, e.g.*, *Rocio Medel v. New Penn Financial, LLC et al.*, SACV 15-0368 AG (JCGx), 2015 WL 4720104 (C.D. Cal. Aug. 3, 2015); *Hernandez v. Select Portfolio, Inc.*, No. CV 15-01896 MMM (AJWx), 2015 WL 3914741, at *22 (C.D. Cal. June 25, 2015); *Guillermo v. Caliber Home Loans, Inc.*, No. C 14-04212 JSW, 2015 WL 1306851, at *6 (N.D. Cal. Mar. 23, 2015); *Carbajal v. Wells Fargo Bank, N.A.*, No. CV 14-7851 PSG (PLAx), 2015 U.S. Dist. LEXIS 47918, at *13 (C.D. Cal. Apr. 10, 2015). Indeed, other courts have found that handling a borrower's documents falls within the core functions of the loan servicer. *See Juarez v. Suntrust Mortg., Inc.*, No. CV F 13-0485 LJO (SABx), 2013 U.S. Dist. LEXIS 67850, at *34 (E.D. Cal. May 13, 2013) ("[A] negligence claim does not rest on [the loan servicer's] handling of the [plaintiffs'] documents to seek a loan modification."). Thus, the facts alleged in the Complaint, which all fall within Nationstar's conventional role as a loan servicer, don't show a duty extended from Nationstar to Plaintiff.

Nor do the *Biakanja* factors support finding that Nationstar acted outside of its conventional role as a money lender when processing Plaintiff's loan modification application. First, it is dubious that Nationstar's delay in processing Plaintiff's complaint was intended to affect Plaintiff. It is equally doubtful that Nationstar intentionally lost Plaintiff's application. Indeed, the allegation that Nationstar followed up with Plaintiff to notify him about the lost documents belies the allegation that Nationstar intentionally lost the application. Second, there are no facts to show that it was foreseeable that Nationstar's delay in processing the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0062 AG (JCGx) | Date | March 31, 2016 |
| Title | ARMAN AHMADI v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

application would harm Plaintiff. Third, any such delay or requests for additional documents were not likely to cause Plaintiff injury. Fourth, the Court is not convinced that there is a close connection between Nationstar's conduct and any alleged injury. If there is, the Complaint doesn't make that connection clear. Fifth, there is little, if any, moral blame attached to Nationstar's conduct. And sixth, the goal requiring servicers to timely and adequately process loan modification applications is already furthered by state and federal regulations. Imposing any common law duty to process loan modification applications with care would be redundant. Thus, the *Biaknaja* factors do not call for a legal duty of care under the facts of this case.

By failing to adequately allege facts showing a legal duty extended from Nationstar to Plaintiff, Plaintiff's seventh claim for negligence fails to state a claim. The Court therefore need not address Defendants' argument that Plaintiff insufficiently alleged an injury to GRANT the Motion to Dismiss the seventh claim.

### 4.7 Eighth Claim for Breach of Contract

Plaintiff's eighth claim alleges that Nationstar breached its contract by not reverting back to the terms of the original loan after the year-long interest-only period. (Complaint ¶¶ 166–174.) To state a claim for breach of contract, a plaintiff must allege (1) a valid contract exists, (2) plaintiff's performance or excuse from non-performance, (3) defendant's breach, and (4) resulting damages to plaintiff. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 222 Cal. App. 3d 1371, 1388 (1990), *as modified on denial of reh'g* (Oct. 31, 2001).

Defendants argue that Plaintiff has failed to allege that a valid, enforceable contract exists because the purported contract attached to the Complaint as Exhibit A isn't signed by either Nationstar or Plaintiff. (Complaint ¶ 166, Ex. A.) Defendants are correct to note that the statute of frauds requires a mortgage or deed of trust to be writing signed by the party to be charged. *Secrest v. Sec. Nat. Mortgage Loan Trust 2002-2*, 167 Cal. App. 4th 544, 552 (2008), *as modified on denial of reh'g* (Nov. 3, 2008) (citing Cal. Civ. Code §§ 1624, 2922). An agreement modifying a contract subject to the statute of frauds must also be in writing. Cal. Civ. Code

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 16-0062 AG (JCGx) | Date | March 31, 2016 |
| Title | ARMAN AHMADI v. NATIONSTAR MORTGAGE, LLC ET AL. | | |

§ 1698(a) ("A contract in writing may be modified by a contract in writing."). As the contract here is a modification of a mortgage, it falls within the statute of frauds. And because it isn't signed by Nationstar — the party to be charged — it isn't enforceable. Plaintiff argues that the "fully executed copy of the agreement is in Nationstar's possession," but the Complaint doesn't allege that. Thus, on the face of the Complaint, there isn't a legally enforceable contract for Plaintiff's breach of contract claim. The Court therefore need not address Defendants' remaining arguments before GRANTING Defendants' Motion to Dismiss the eighth claim.

**4.8 Leave to Amend**

Although the Complaint needs work, the Court doesn't think granting leave to amend "would be an exercise in futility." *See Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (holding that pleadings may be dismissed without leave to amend if amendment "would be an exercise in futility"). Going forward, Plaintiff should seek to streamline the Complaint by clarifying the factual background and the legal grounds for relief. It also seems that Plaintiff's Complaint is missing critical facts about the timeline of events that may impact Plaintiff's selection of claims.

**5. DISPOSITION**

The Court DENIES the Motion to Dismiss Claims 1 and 5. The Court GRANTS the Motion to Dismiss Claims 2, 3, 6, 7, 8 WITH LEAVE TO AMEND. Plaintiff is ORDERED to file an amended Complaint within 30 days of this Order.

: 0

Initials of Preparer lmb